UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED ARROYOS,<br><br>        Petitioner,<br><br>    v.<br><br>U.S. MARSHAL, FRESNO,<br><br>        Respondent. | No. 1:22-cv-01503-CDB (HC)<br><br>ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND MOOTNESS<br><br>**21-Day Deadline** |

       Petitioner Alfred Arroyos ("Petitioner"), a state prisoner proceeding pro se and *in forma pauperis*, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition is before the Court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

**Preliminary Screening**

       Under Habeas Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

**Background**

In his petition, Petitioner alleges that he was convicted in the Superior Court of California - County of Merced of various offenses under the state's penal code and vehicle code on November 17, 2021, and sentenced to 80 months of incarceration on December 17, 2021. Petitioner does not appear to challenge his conviction or sentence. Rather, he asserts that Respondent (the "U.S. Marshal - Fresno") lodged a detainer pursuant to a federal arrest warrant while he was serving his state court-imposed sentence for "violation of probation." Petitioner alleges that he submitted to the U.S. Marshal - Fresno a request for disposition of probation, waiver of appearance, and right to attorney, which Petitioner refers to as a "1381 Notice." However, the U.S. Marshal - Fresno did not dispose of the probation violation as he requested within 30 days. According to Petitioner, the failure to act by the U.S. Marshal - Fresno violated California Penal Code 1203.2(a) and thereby constitutes a violation of the Equal Protection Clause of the U.S. and California Constitution.

**Governing Legal Standard**

The scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). In other words, a claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or shortening of its duration." *Id.* at 489. The Ninth Circuit has adopted the rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under 42 U.S.C § 1983." *Nettles v. Grounds,* 830 F.3d 922, 934 (9th Cir. 2016) (*en banc*) (quoting *Preise*r, 411 U.S. at 487, and *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)).

**Discussion**

Petitioner has failed to provide an adequate petition for writ of habeas corpus. First,

Petitioner does not name an appropriate respondent to the petition. A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Habeas Rule 2(a); *Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004) (citing *Stanley v. California Supreme Court*, 21 F.3d 359. 360 (9th Cir. 1996)). Generally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce "the body of the petitioner." *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quotations omitted). The chief officer in charge of the state penal institutions can also serve as an appropriate respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). Here, Petitioner only names "U.S. Marshal - Fresno" as a respondent to his petition. Petitioner's failure to name a proper respondent requires dismissal of his habeas corpus petition for lack of jurisdiction.

Second, Petitioner's claim is not cognizable in habeas because he does not challenge the fact or duration of his confinement or seek either immediate release from that confinement or shortening of its duration. *Preiser*, 411 U.S. at 478. Rather, he purports to invoke Sections 1381 and 1382 of the California Penal Code to compel federal authorities to comply with state procedural rules applicable to the time for commencement of trial in state court. Although Petitioner alleges that the failure by the U.S. Marshal - Fresno to take action on his request violated his rights to equal protection under the U.S. Constitution, because he does not allege that his *custody* is in violation of the U.S. Constitution, the relief he seeks is not cognizable in habeas.

Finally, given Petitioner's claim that Respondent has failed to take certain action requested by Petitioner relating to an alleged federal arrest warrant, the Court has reviewed records through the publicly-available Case Management/Electronic Case Files system (CM/ECF, or Pacer).[1] Through that search, the Court is aware that Petitioner was the subject of a federal criminal proceeding in this Court initiated with the filing of a criminal complaint against Petitioner on July 23, 2021. *See United States v. Arroyos*, No. 6:21-mj-00018-HBK (E.D. Cal.).

---

[1] A court may take judicial notice of "documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

1  Although the associated arrest warrant was executed while Petitioner was housed at Valley State
2  Prison on October 3, 2024, the case was dismissed without prejudice on October 4, 2024, before
3  Petitioner made an appearance in this Court on the underlying criminal complaint.  Further,
4  according to the Court's review of the California Incarcerated Records and Information Search
5  (CIRIS) tool produced no results using Petitioner's first and last name and CDCR number,
6  indicating Plaintiff is no longer in the custody of the California Department of Corrections and
7  Rehabilitation (CDCR).[2]  Because he has been released from custody and the Court is unable to
8  grant him the relief he seeks, his petition is moot.  *See Munoz v. Rowland*, 104 F.3d 1096, 1097-
9  98 (9th Cir. 1997).

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED, within 21 days of entry of this Order, Petitioner shall show cause in writing why his petition for writ of habeas corpus should not be dismissed for lack of subject matter jurisdiction and mootness.

Any failure by Petitioner to timely respond to this order will result in the undersigned recommending that this action be dismissed with prejudice.

IT IS SO ORDERED.

Dated:   **June 16, 2025**                                    _____
                                                              UNITED STATES MAGISTRATE JUDGE

---

[2] *See Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities ... and neither party disputes the authenticity of the web sites or the accuracy of the information displayed [ ] therein.").