**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALFRED ARROYOS,<br><br>              Petitioner,<br><br>    v.<br><br>U.S. MARSHAL, FRESNO,<br><br>              Respondent. | Case No. 1:22-cv-1503 JLT CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION AND MOOTNESS, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 7) |

      Alfred Arroyos, a state prisoner, seeks to proceed with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting the U.S. Marshal violated California Penal Code 1203.2(a), as well as the Equal Protection clauses of the constitutions of the United States and State of California. (Doc. 1.) The magistrate judge performed a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases and ordered Petitioner to show cause why the petition should not be dismissed for lack of subject matter jurisdiction. (Doc. 5.) The U.S. Postal Service returned the Court's mail as "Undeliverable, Unable to Forward."

      The magistrate judge found Petitioner did not "provide an adequate petition for writ of habeas corpus." (Doc. 7 at 2.) As an initial matter, the magistrate judge determined Petitioner failed "to name a proper respondent, [which] requires dismissal of his habeas corpus petition for lack of jurisdiction." (*Id.* at 3.) The magistrate judge also found the claim raised was "not cognizable in habeas" because Petitioner "does not challenge the fact or duration of his

1

confinement or seek either immediate release from that confinement or shortening of its duration." (*Id.*, citing *Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004); *Preiser v. Rodriguez*, 411 U.S. 475, 478 (1973).) Finally, the magistrate judge reviewed the Court's records and found Petitioner was "released from custody," rendering the petition moot. (*Id.* at 3-4.) Therefore, the magistrate judge recommended dismissal for lack of subject matter jurisdiction and mootness. (*Id.* at 4, citing *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997).)

The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 14 days. (Doc. 7 at 4.) The Court advised Plaintiff that "failure to file any objections within the specified time may result in the waiver of certain rights on appeal." (*Id.* at 5, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) Petitioner did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of the case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

Additionally, the Court finds a certificate of appealability should not issue. "[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application." *Miller-El v. Cockell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing § 2254 Cases requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing for claims rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right and that jurists of reason would find it debatable whether the district was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a claim is rejected on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a certificate of appealability. Because Petitioner did not make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.

Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on July 7, 2025 (Doc. 7) are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice, for lack of subject matter jurisdiction and as moot.
3. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: __**July 28, 2025**__

UNITED STATES DISTRICT JUDGE